MARTIN HUBNER, Plaintiff, *v.* ROSE HUBNER, Defendant.[*]

Supreme Court, Special Term, Kings County, November 13, 1946.

*Louis Lindauer* for plaintiff.

No appearance for defendant.

WALSH, J. Plaintiff seeks an annulment on the ground that before the marriage the defendant fraudulently represented that she would marry him in a second religious ceremony. The parties were married in the Catholic Church and the plaintiff, in his complaint, alleges that "defendant fraudulently and falsely represented to the plaintiff that she would undergo and have performed with the plaintiff a religious marriage by a Protestant Priest." A previous motion for judgment was denied and the court gave the plaintiff the opportunity to offer further evidence to show that the failure of the defendant to enter into the second marriage ceremony was a matter of such importance to him that he would not have participated in the

---

[*] See, also, *McHale* v. *McHale,* 188 Misc. 165.— [REP.

first ceremonial marriage if the second one had not been promised and that the misrepresentation amounted to fraud. The court suggested that the plaintiff show by competent evidence a " genuine affiliation with the religion he professes."

Plaintiff has not done this. For the most part the additional evidence consists of leading conclusory questions, typical of which is the following: " Q. Have you complied with and believed in all the canons and rites and rituals of the Protestant faith? A. I do."

Plaintiff does not state the branch or sect of Protestantism to which he belongs or the church or churches he attends. No one else was called to show a genuine affiliation. On the other hand, he actually adds to the mockery of law a mockery of religion in the following leading question and answer: " Q. Did you consider yourself married to her after the Catholic ceremony? A. No, I did not."

Under section 11 of the Domestic Relations Law, the first marriage was valid as to solemnization and ignorance of that provision of law does not excuse the plaintiff.

It is common knowledge that every sincere clergyman endeavors to impress upon the parties to a marriage the nature of the promises and ceremony. Of course, the details of this particular ceremony or the formalities were not put in evidence. What the plaintiff specifically promised is not before the court.

In the original decision, the court also stated: " No case has come to the attention of the court granting an annulment for refusal to have a second religious ceremony."

The plaintiff has submitted no memorandum of law.

In *Borgstedt* v. *Borgstedt* (188 Misc. 183) this court holds that a promise by a party to a religious marriage ceremony, with no intention of performing it, that a second marriage would be performed according to the rites of a particular church, is not such fraud as will annul a marriage.

It is true that in the present case the parties lived together only a short time and no child was born of the marriage. The plaintiff testified at the second hearing that the marriage had not been consummated. These facts, however, are not sufficient to distinguish this case from *Borgstedt* v. *Borgstedt* (*supra*).

The plaintiff testified that he had not seen the defendant for more than four years. She was served by publication. This warrants a closer scrutiny of the evidence.

On this motion, the court holds that the plaintiff has not proved a prenuptial fraud and that the alleged fraud is not ground for an annulment of marriage. Motion denied. Submit order.